UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PUBLIC EMPLOYEES for ENVIRONMENTAL RESPONSIBILITY | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 3:13-cv-01069 |
| KROGER COMPANY, | ) ) ) | Judge Uj ctr Magistrate Judge John S. Bryant |
| Defendant. | ) | |

## **CONSENT DECREE**

WHEREAS, Plaintiff Public Employees for Environmental Responsibility ("PEER") filed its Complaint on October 1, 2013 pursuant to section 505(a) of the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. § 1365(a).

WHEREAS, Plaintiff's Complaint alleges that Defendant, Kroger Company ("Kroger"), failed to comply with the terms and conditions of permits issued pursuant to 33 U.S.C. § 1341 and 33 U.S.C. § 1344 of the CWA in the relocation of two Bushman Creek tributaries as part of the construction of a Kroger store at the corner of North Rutherford Boulevard and Highway 96, Murfreesboro, Tennessee.

WHEREAS, Kroger denies the allegations of the Complaint and does not admit that it has any liability to Plaintiff arising out of the transactions and occurrences alleged in the Complaint.

WHEREAS, Plaintiff and Kroger ("the Parties") wish to effectuate a settlement of the above-captioned matter without continued litigation.

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of the above-captioned matter.

WHEREAS, the Court, by entering this Consent Decree, finds that the Decree is fair, reasonable, in the public interest, and consistent with the CWA, 33 U.S.C. § 1311 et seq.

Now therefore, without trial and with the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED that:

## I. GENERAL TERMS

1. This Court has subject matter jurisdiction over the claims raised in the Complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 33 U.S.C. § 1365 (the CWA citizen suit provision).

2. Venue is proper in the Middle District of Tennessee pursuant to 33 U.S.C. § 1365(c)(1) because the sources of the alleged CWA violations are located in this district.

3. For purposes of this Consent Decree, or any action to enforce this Consent Decree, the Parties consent to this Court's jurisdiction over this Consent Decree and consent to venue in this judicial district.

## II. DEFINITIONS

4. Terms used in this Consent Decree that are defined in the Act or in regulations promulgated pursuant to the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

   a. "Complaint" shall mean the complaint filed by Plaintiff in this action;

   b. "Consent Decree" or "Decree" shall mean this Decree and all attachments hereto;

c. "Day" shall mean a calendar day unless expressly stated to be a business day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

d. "Paragraph" shall mean a portion of this Decree identified by an Arabic numeral;

e. "Section" shall mean a portion of this Decree identified by a Roman numeral.

### III. TERMS OF AGREEMENT

5. Kroger will perform mitigation work on the reconstructed unnamed channel to Bushman Creek that is located on Kroger-owned property located at the northeast corner of the intersection of North Rutherford Boulevard and New Lascassas Highway in Murfreesboro, Tennessee (the "Kroger Site"). The work will be performed at the Kroger Site by Kroger-hired contractors. The Parties do not anticipate that any further regulatory approvals are necessary to complete this work. However, if further approval is necessary, Kroger will work expeditiously to receive approval from the appropriate authorities. Kroger will spend up to $15,000 to complete this mitigation work at the Kroger Site. Items (a), (b) and (c) below will be completed within sixty (60) days of the effective date of this Consent Decree. Item (d), the trees and seedlings planting, will occur between November 1, 2014 and May 1, 2015 consistent with Tennessee Department of Agriculture guidelines. The work will entail the following:

   a. In the tree planting zones shown on the attached Exhibit A, widen the buffer on the store side of the channel by 20 feet from the top of the bank and stop mowing the area within the buffer.

   b. Place a total of seven signs reading "No Mow Zone/No Cortar" at the outer edge of the buffer in the following locations: two signs on the section adjacent to North

Rutherford Boulevard (one on each side of the creek); one sign at the southernmost point of the buffer; one sign just south of the first Highway 96 access point; one sign north of the fueling station between the station and the next ridge / culvert / Highway 96 access point; two signs between the access point just mentioned and the northernmost Highway 96 access point. (See attached Exhibit A with sign locations.)

c. In the tree planting zones shown on the attached Exhibit A, plant native trees and plants in the stream and along the channel and ensure 75% survival rate. Survival means at least 75% of the trees and plants live for three years from the date of planting. Kroger shall take the necessary actions to water the trees in the summer months and/or to replace lost trees and plants to ensure the 75% survival rate. Kroger will provide PEER copies of reports it submits to the Tennessee Department of Environment and Conservation regarding the channel; such reports will include observations of the health of the planted vegetation and tree survival rates. Planting will comply with the following plan and order of priority in the event the cost of the mitigation work will exceed $15,000:

    i. Properly install (following TN Department of Agriculture Guidelines) 80 ¾ to 1" caliper trees along the approximate 0.25 miles of the unnamed tributary on the Kroger Site in the tree planting zone areas shown on Exhibit A, locating them approximately 10 feet from the top of the bank. These 80 trees will be evenly spaced along the buffer.

    ii. Properly install (following TN Department of Agriculture Guidelines)1,000 bare root seedlings at approximately 400 stems/acre directly in

the channel and along the primary flow path within the channel on the Kroger Site in the tree planting zones shown on Exhibit A.

    iii.    In the tree planting area near signs 3 and 4 on Exhibit A, Kroger shall install shade-tolerant native shrubs or ornamentals in place of trees.

6.    Kroger will provide $22,000 to Water City USA, a 501(c)(3) nonprofit conservation organization, to fund conservation projects that Water City USA and PEER have collaborated to plan within the area near the Kroger site and that Water City USA will develop, and implement. All aspects of any conservation project, including without limitation project identification, design, implementation, and monitoring, will be carried out exclusively by Water City USA. Kroger shall have no responsibility for, involvement in, or liability for any activities of Water City USA whatsoever, including claims of any third party alleging injury or damage to person or property as a result of actions of Water City USA. Kroger shall provide the funds to Water City USA by check to Water City USA, c/o Mark Thien, 2407 Elliot Avenue, Nashville, TN 37204, within thirty (30) days of the Effective Date of this Consent Decree.

## IV.    ATTORNEYS' FEES AND COSTS

7.    Within thirty (30) days of the Effective Date of this Consent Decree, Kroger will pay PEER $16,241.19 in attorneys' fees and costs. Payment shall be made by bank check or money transfer to PEER. PEER's mailing address is 2000 P Street, NW, Ste. 240, Washington, DC 20036. If the money is to be wired, PEER's counsel will provide the relevant financial information to effectuate payment.

## V.    EFFECTIVE DATE

8.    This Consent Decree shall become effective upon the date of its entry by the Court or if a motion to enter the Consent Decree is granted, whichever occurs first. If for any reason the

District Court does not enter this Consent Decree, the obligations set forth in this Consent Decree are null and void.

## VI. EFFECT OF SETTLEMENT/RELEASE OF THE PARTIES

9. This Consent Decree shall constitute a complete and final settlement of all claims that were asserted, or could have been asserted, by PEER against Kroger relating to the allegations in the Complaint.

10. Upon dismissal of this case, PEER hereby releases and discharges any and all claims, causes of action, suits, or demands of any kind that it may have had, or now has, against Kroger related to the allegations in the Complaint. Claims that PEER may have regarding enforcing this Consent Decree will continue until Kroger fulfills its obligations pursuant to this Consent Decree.

11. Nothing in this Consent Decree shall prevent PEER from challenging activity by Kroger that is not the subject of this complaint.

12. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## VII. DISPUTE RESOLUTION AND RETENTION OF JURISDICTION

13. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed upon resolution within ninety (90) days after receipt of the notice, the Party may move the Court to resolve the dispute.

14. The Court shall retain jurisdiction over this case until termination of this Consent Decree and over this case for purposes of resolving any disputes arising under this Consent Decree, for

taking such actions as necessary or appropriate to construe, implement, or enforce the terms of the Consent Decree, and for granting any further relief as the interests of justice may require.

15. PEER and Kroger reserve all legal and equitable rights and defenses available to them to enforce or defend provisions of this Consent Decree.

### VIII. TERMINATION OF CONSENT DECREE AND DISMISSAL OF CLAIMS

16. When Kroger's obligations outlined in paragraph 5, including the 75% survival rate for trees and plants for three years, and paragraph 6 have been completed and the attorneys' fees and costs have been paid as described in paragraph 7, this Consent Decree shall terminate.

17. When Kroger has complied with its obligations under paragraph 5, except the three year tree and plant success rate requirement and monitoring requirement, and paragraphs 6 and 7, the above-captioned matter shall be dismissed with prejudice. The Parties shall file the appropriate notice with the Court so that the Clerk may close the file. This Court shall retain jurisdiction to enforce the terms of this Consent Decree after the case is dismissed.

### IX. FORCE MAJEURE

18. "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Kroger, or any person controlled by Kroger, or Kroger's contractors or consultants, that delays or prevents the performance of any obligation under this Consent Decree despite Kroger's commercially reasonable efforts to fulfill the obligation. "Force majeure" does not include financial inability to perform any obligation under this Consent Decree. In the event of a force majeure, Kroger shall be relieved of liability for breach of this Consent Decree and (i) be relieved of its obligation to perform if performance is no longer reasonably possible, or (ii) if performance is reasonably possible by a later date, have the deadline to perform extended to such later date without the need to amend this Consent Decree.

If PEER does not agree that a force majeure has occurred or with a release of further obligations for Kroger to perform or an extension of time for Kroger to perform its obligations, the Parties may invoke Section VII of this Decree (Dispute Resolution).

## X. NOTICE

19. All notices and communications required under this Consent Decree shall be made to the Parties through each of the following persons and addresses:

   a. TO PEER

   Public Employees for Environmental Responsibility
   Paula Dinerstein
   2000 P Street NW, Ste. 240
   Washington, DC 20036
   pdinerstein@peer.org

   Susan B. Evans, Attorney at Law
   2016 8th Avenue South
   Nashville, TN 37204
   sbevanslaw@gmail.com

   b. TO KROGER

   The Kroger Co.
   1014 Vine Street
   Cincinnati, OH   45202
   Attn: Law Department

20. Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address or means of transmittal provided above.

21. Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XI. MODIFICATION

22.     The terms of this Consent Decree may be modified only by a subsequent written agreement by all Parties or upon a motion properly presented to the Court. Where the modification results in a material change to the Consent Decree, it shall be effective upon approval by the Court.

23.     Any disputes concerning modification of this Decree shall be resolved pursuant to Section VII of this Decree (Dispute Resolution).

## XII. GOVERNMENT COMMENT OR INTERVENTION; ENTRY

24.      Within ten (10) days of the Execution Date, PEER will, pursuant to 33 U.S.C. § 1365(c)(3), serve this consent Decree on the Attorney General for the United States and the Administrator of the United States Environmental Protection Agency. If the United States does not comment or intervene within forty-five (45) days of receipt, the Parties shall submit this Consent Decree to the Court together with a joint motion for its entry as an Order of this Court. If the United States comments or intervenes in this proceeding, the Parties will work together and with the United States to determine if the matter can still be resolved without further litigation.

## XIII. SIGNATORIES/SERVICE

25.     The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Consent Decree.

26.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis. Kroger agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XIV. INTEGRATION

27. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XV. NON-SEVERABILITY ABSENT RE-ADOPTION BY THE PARTIES

28. This Consent Decree shall constitute a binding agreement among the Parties. If for some reason the Court should decline to approve the proposed Consent Decree on any ground except one related to form, this Consent Decree is voidable at the option of any party to this Consent Decree within fourteen (14) days of the Court's decision. If for any reason the Court should determine prior to entry of the proposed Consent Decree that substantive modifications are necessary prior to approving the proposed Consent Decree, the Parties shall enter into good faith discussions of potential modifications, and this Consent Decree shall be void unless the Parties agree otherwise within fourteen (14) days of the Court's determination.

## XVI. FINAL JUDGMENT

29. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED, this 19 th day of January, 2018

_Kevin H. Sharp_

United States District Judge

The undersigned hereby apply for and consent to the entry of the Order:


_____
SUSAN B. EVANS
TN BPR. 016672
2016 8th Avenue South
Nashville, TN 37204
615-739-6833N
Fax 615-297-9007
sbevanslaw@gmail.com

PAULA DINERSTEIN (*pro hac vice*)
D.C. Bar No. 333971
Public Employees for Environmental Responsibility
2000 P Street NW, Suite 240
Washington, D.C. 20036
Phone: (202) 265-7337
Fax: (202) 265-4192

*Attorneys for Plaintiff*


_____
WILLIAM L. CAMPBELL, JR. (# 22712)
Frost Brown Todd LLC
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
(615) 251-5550
ccampbell@fbtlaw.com

CHRISTOPHER S. HABEL (*pro hac vice*)
Frost Brown Todd LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
(513) 651-6800
chabel@fbtlaw.com

*Attorneys for Defendant*


0046906.0611626   4812-8281-8844v1